IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:16-CR-3141 |
| vs. | |
| KENNETH J. JACOBSEN, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the presentence investigation report in this case. The defendant objects to the presentence report. Filing 63 at 1. The defendant also asks the Court to impose a below-Guidelines sentence pursuant to the parties' Fed. R. Crim. P. 11(c)(1)(C) plea agreement. *See* filing 63 at 2; filing 64.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

   (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

   (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c)     impose upon the United States the burden of proof on all Guidelines enhancements;

(d)     impose upon the defendant the burden of proof on all Guidelines mitigators;

(e)     depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f)     in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant objects to the presentence report's assessment of two criminal history points, pursuant to U.S.S.G. § 4A1.1(d), for committing the instant offenses while on probation. *See* filing 63 at 1. But committing the offense of conviction while still on probation clearly falls within § 4A1.1(d). So, the Court infers that the defendant is arguing he was no longer on probation when an offense of conviction was committed. The defendant's objection does not explain whether he thinks the factual error is in the period of probation or the time of his offense. But it is the government's initial burden to prove the fact of conviction. *United States v. Dodson*, 817 F.3d 607, 610 (8th Cir. 2016); *see United States v. Abanatha*, 999 F.2d 1246, 1250-51 (1993); *see also United States v. Meyer*, 141 F.3d 1171 (8th Cir. 1998). Accordingly, the Court will resolve this issue on the evidence at sentencing.

The defendant also objects to all "paragraphs reflecting guideline calculations in excess of an offense level of 43." Filing 63 at 1. He points out that under the Guidelines, "[a]n offense level of more than 43 is to be treated as an offense level of 43." U.S.S.G. Ch. 5, Pt. A, cmt. n.2. So, he contends, his total offense level should be 40: a base offense level of 43, from which 3 points are subtracted for acceptance of responsibility. Filing 63 at 1. But that's not how the Guidelines work: it is a *total* offense level above 43—that is, the offense level *after* any applicable enhancements or adjustments—that is to be treated as an offense level 43 for purposes of applying the sentencing table. *See United States v. Jauron*, 832 F.3d 859, 862 (8th Cir. 2016); *United States v. Stong*, 773 F.3d 920, 925 (8th Cir. 2014). This argument is without merit.

3. The defendant also argues that the Court should impose a below-Guidelines sentence of 300 months, based on his personal circumstances, the § 3553(a) factors, and the Rule 11(c)(1)(C) plea agreement. *See* filing 64. The Court will address the defendant's argument at sentencing.

4. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

5. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are

required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

6. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

7. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 6th day of June, 2018.

BY THE COURT:

John M. Gerrard
United States District Judge